**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-4931**

———————————

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

CRISTIAN NEVAREZ BELTRAN,

    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:13-cr-00025-MR-DLH-2)

———————————

Submitted: November 17, 2015   Decided: January 8, 2016

———————————

Before WYNN and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristian Nevarez Beltran pleaded guilty to conspiring to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced Beltran to 87 months of imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court clearly erred in refusing to apply the sentencing safety valve under 18 U.S.C. § 3553(f) (2012) and in concluding that Beltran was not a minor participant under U.S. Sentencing Guidelines Manual § 3B1.2(b) (2013). Beltran was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

We review a district court's application of the safety valve under 18 U.S.C. § 3553(f) for clear error. United States v. Henry, 673 F.3d 285, 292 (4th Cir. 2012). "This standard of review permits reversal only if this Court is left with the definite and firm conviction that a mistake has been committed." Id. (citation and internal quotation marks omitted). In conducting such a review, we accord "the district court's credibility determinations great deference." Id. The burden of establishing entitlement to the safety valve provision

2

falls on the defendant.  United States v. Aidoo, 670 F.3d 600, 605 (4th Cir. 2012).

We have thoroughly reviewed the record and conclude that the district court did not clearly err in refusing to apply the safety valve provision.  Given the great deference owed to its credibility determination, we cannot conclude that the district court erred in finding that Beltran was less than truthful with investigators, and therefore ineligible for the safety valve provision.  See 18 U.S.C. § 3553(f)(5).

We also review the application of USSG § 3B1.2 for clear error.  United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012).  To establish eligibility for a reduced offense level under Section 3B1.2, "[t]he defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating role adjustment in sentencing."  Id. at 358-59 (citation and internal quotation marks omitted).  We conclude that the district court did not clearly err in finding that Beltran's conduct was material or essential to committing the offense in question and, consequently, that he was not entitled to a reduced offense level under Section 3B1.2.  See United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Beltran's conviction and sentence.

3

This court requires that counsel inform Beltran, in writing, of the right to petition the Supreme Court of the United States for further review.  If Beltran requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Beltran.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED